UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   3:24-cr-00187 |
| v. ) | |
| ) | Judge Crenshaw |
| DEWAYNE HUMBLES ) | |

## UNITED STATES' MOTION FOR A DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

The United States, by and through Thomas J. Jaworski, Acting United States Attorney, and Assistant United States Attorney Emily E. Petro, respectfully moves the Court for a detention hearing and for the detention of Defendant Dewayne Humbles ("the defendant") in this matter.

The defendant has been charged in a one-count indictment with possession of a firearm while subject to a domestic violence restraining order, in violation of Title 18, United States Code, Sections 922(g)(8) and 924. The United States submits that it is entitled to a detention hearing in this matter pursuant to 18 U.S.C. §§ 3142(f)(1)(E), which provides that "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure . . . the safety of any other person and the community – upon motion of the attorney for the Government in a case that involves . . . any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm." Proof at a detention hearing would show that the defendant, when arrested on numerous outstanding warrants, had a firearm with an extended magazine on his person on June 14, 2024.

There is no condition or combination of conditions in this matter that will assure the defendant's appearance as required and protect the safety of the community. 18 U.S.C. §§ 3142(e)(1). In assessing this issue, this Court considers four factors: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence of dangerousness against the

1

person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

A finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). But when the risk of nonappearance is the basis for detention, the Government need only satisfy a preponderance of the evidence standard. *See United States v. Cornish*, 449 F. Supp. 3d 681, 684 (E.D. Ky. 2020) ("A flight-based (or, more accurately, nonappearance-based) detention decision must rest on facts supported by a preponderance of the evidence."); *see also United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Here, the defendant's extreme dangerousness is evident from the nature and circumstances of the offense, the weight of the evidence against him, and his arrests for new and violent criminal offenses (including Aggravated Assault, Felon in Possession of a Firearm, Violation of an Order of Protection, and Misdemeanor Evading Arrest) since his release in the state case for the conduct alleged in this matter. *See* Davidson County General Sessions Court Nos. GS1046972 through GS1046975. The conduct alleged in the instant case, as well as all of the new offenses just referenced, occurred while the defendant was also on felony supervision in a separate Aggravated Assault case. *See* Davidson County Criminal Court No. 2022-A-391.

These facts evince the defendant's seriously and consistently violent nature and his unwillingness to obey Court orders and conditions of supervision. They also demonstrate his unwillingness to follow the law generally, as well as his dedication to obtaining illicit firearms. The defendant also poses a significant risk of flight, given his history of probation violations and failures to follow court orders.

The United States also respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

By: */s/ Emily E. Petro*
EMILY E. PETRO
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Tel. (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served by electronic mail on counsel for the defendant on this, the 4th day of December, 2024.

*/s/ Emily E. Petro*
Assistant United States Attorney